**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-02159-REB

JOSE G. RABANAL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant..

**ORDER REVERSING AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1] filed October 6, 2008, seeking review of the Commissioner's decision determining the monthly amount of retirement insurance benefits to which plaintiff is entitled under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and remand this case to the Commissioner.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff, originally a citizen of Spain, immigrated to the United States in 1968 and became a naturalized citizen in 1984. He retired in 1997 and began receiving retirement insurance benefits at that time. In 2001, plaintiff applied for and was granted pension benefits from Spain. After the Commissioner received notice of these benefits, he recomputed and reduced plaintiff's retirement income benefits pursuant to the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415(a)(7)(A).

Plaintiff disagreed that the WEP applied to his Spanish benefits, and filed a motion for reconsideration. Following denial of that motion, plaintiff requested a hearing before an Administrative Law Judge. This hearing was held on October 19, 2005. The ALJ found that the WEP was properly applied to reduce the amount of plaintiff's retirement income benefits. The Appeals Council denied review, and plaintiff appealed to the federal district court. The court granted the Commissioner's motion to remand in order to submit English translations of pertinent documents. Nevertheless, the Appeals Council ultimately affirmed the ALJ's unfavorable decision. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

Under the Social Security Act, an individual who is at least 62 years old and is otherwise "fully insured" as defined by the Act[1] is entitled to receive monthly retirement insurance benefits. **See** 42 U.S.C. § 402. The amount of this payment is called the primary insurance amount ("PIA"). **See id.** § 415(a)(1). The PIA is calculated and may be adjusted based on a number of different considerations and circumstances, one of which is whether the claimant receives, in addition to retirement income benefits under the Act, other monthly periodic payments based on "non-covered" employment, that is, wages exempt from Social Security taxes. **Stroup v. Barnhart**, 327 F.3d 1258, 1259-60 (11th Cir.), **cert. denied**, 124 S.Ct. 935 (2003); **Das v. Department of Health & Human Services**, 17 F.3d 1250, 1253 (9th Cir. 1994). In that scenario, the WEP is invoked to recompute the PIA. 42 U.S.C. § 415(a)(7)(A) & (B).

---

[1] An individual is fully insured for purposes of the Act if he has the minimum number of quarters of coverage required by the Act. **See** 42 U.S.C. § 414(a).

The WEP was enacted in 1983 to prevent individuals who earned wages from both covered and non-covered employment from receiving an unwarranted windfall. *See Fernandez v. Barnhart*, 2006 WL 2660619 at *1 (5th Cir. Sept. 15, 2006); *Stroup*, 327 F.3d at 1259-60; *Das*, 17 F.3d at 1253.  Pursuant to the WEP, the PIA will be recomputed when the claimant is entitled to "a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute "employment" as defined in section 410 of this title for purposes of this subchapter."  42 U.S.C. § 415(a)(7)(A).  The regulations implementing the WEP further provide:

> Noncovered employment includes employment outside the United States which is not covered under the United States Social Security system.  Pensions from noncovered employment outside the United States include both pensions from social insurance systems that base benefits on earnings but not on residence or citizenship, and those from private employers.

20 C.F.R. § 404.213(1)(3).

Review of the Commissioner's decision in this regard is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *See Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  LEGAL ANALYSIS

Plaintiff, appearing *pro se*, argues that the ALJ erred in concluding that the WEP applied to his Spanish pension benefits because his receipt of those benefits is based on his Spanish citizenship, not on his earnings.  Because it is not clear from the record whether plaintiff's non-covered benefits are based on earnings, I remand for further proceedings.

Plaintiff receives non-covered benefits under Spain's now defunct SOVI (Seguro Obligatorio de Vejez e Invalidez) program.  '[SOVI] grants fixed-amount, lifetime, non-expiring old age, disability and widowhood pensions to people who meet the requirements and do not have a right to a pension in the current Social Security System[.]"  Gobierno de España, Ministerio de Trabajo e Inmigración, Seguridad Social, **Procedures and Formalities, Compulsory Elderly and Disability Insurance** (***available at*** http://www.seg-social.es/Internet_6/TramitesyGestiones/ SeguroObligatoriode45964/index.htm) (last accessed on January 12, 2010).  To be entitled to such benefits, an individual must be at least 65 years old and have made 1,800 days of contribution payments into the program prior to January 1, 1967.  Benefits are paid monthly in a fixed amount.  ***See id.***

The ALJ found that plaintiff's SOVI benefits were subject to the WEP because they were payments plaintiff received "as a result of [his] work" in Spain prior to immigrating to this country.  (Tr. 19.)  The WEP, however, is not invoked merely

4

because a claimant has received non-covered benefits as a result of having worked in another country. Rather, by its express terms, the WEP applies to non-covered benefits that are "based in whole or in part upon . . . *earnings for service.*" 42 U.S.C. § 415(a)(7)(A) (emphasis added). *See also* 20 C.F.R. § 404.213(3) (noting that the WEP applies to "pensions from social insurance systems that base benefits on earnings but not on residence or citizenship"). Nothing in the record suggests that SOVI benefits are based in any way on plaintiff's earnings. Given that SOVI provides a fixed benefit once the minimum number of days of work has been attained regardless of how many days thereafter the claimant contributes to the system, the answer to that question is not at all pellucid.

Nor is it clear that "work" is equivalent to "earnings." *See* 42 U.S.C. § 403(f)(5)(A). The Commissioner's Program Operating Manual Systems ("POMS), ("POMS"), which sets forth "publicly available operating instructions of processing Social Security claims," *Washington State Department of Social and Health Services v. Guardianship Estates of Keffeler*, 537 U.S. 371, 385, 123 S.Ct. 1017,1025, 154 L.Ed.2d 972 (2003), uses the two words loosely and interchangeably in discussing application of the WEP to foreign benefits, *see* **POMS** GN 00307.290 (*available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/ 0200307290!opendocument) (last accessed on January 12, 2010). Although the POMS policies and procedures are not binding on the Commissioner, *see Bronstein v. Apfel*, 158 F.Supp.2d 1208, 1210 n.1 (D. Colo. 2001), before this court, his interpretation of the statutes and regulations he administers is entitled to "controlling weight unless it is arbitrary, capricious, or

contrary to law," ***Neikirk v. Massanari***, 2001 WL 776812 at * 2 (10th Cir. July 11, 2001) (quoting ***McNamar v. Apfel***, 172 F.3d 764, 767 (10th Cir. 1999)) (internal quotation marks omitted). Despite this deference, I cannot say on the record before me that the equation of "work" and "earnings" made in the POMS is congruent with the language statute and regulations it purports to interpret. At the very least, this issue must be addressed directly by the ALJ in the first instance.

Accordingly, this case must be remanded to determine whether SOVI contributions are earnings-based and, if it is not, whether they come within the purview of the WEP.[2]

Finally, I note that plaintiff filed a complaint of bias against the ALJ below. (Tr. 12-13.) Plaintiff does not raise the issue in this appeal, but he is not strictly required to do so in order for me to consider it. ***See Sims v. Apfel***, 530 U.S. 103, 112, 120 S.Ct. 2080, 2086, 147 L.Ed.2d 80 (2000). My own review of the hearing transcript strongly suggests, even on the cold written record, that the ALJ was unfairly dismissive and even disdainful of plaintiff. Although nothing in the record rises to the level of fundamental unfairness such as would justify an order requiring that the case be reassigned, ***see*** 20 C.F.R. § 404.940; ***Sutherland v. Barnhart***, 322 F.Supp.2d 282, 292 (E.D.N.Y. 2004), I nevertheless recommend that the case be transferred to a different judge on remand,

---

[2] Of course, it is ultimately plaintiff's burden to establish that he is entitled to the benefits he seeks. ***See Hawkins v. Chater***, 113 F.3d 1162, 1164 (10th Cir. 1997). It is equally true, however, that administrative hearings before the ALJ are non-adversarial in nature. ***Id.*** As a consequence, the ALJ is required to ensure that the record is adequately developed to permit determination of the issues implicated by the hearing. ***See Carter v. Chater***, 73 F.3d 1019, 1022 (10th Cir. 1996); ***Henrie v. United States Department of Health and Human Services***, 13 F.3d 359, 360-61 (10th Cir. 1993). The Commissioner's argument that plaintiff failed to present evidence to establish the particulars of how SOVI operates therefore is inapposite.

*see Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).[3]

**THEREFORE IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge regarding plaintiff's benefits determination is **REVERSED**;

2. That this case is **REMANDED**, with directions to develop the record regarding the particulars of SOVI, including but not limited to, whether benefits thereunder are based on earnings, and to determine whether the express language of the statute and its implementing regulations can be squared with the relevant POMS's guidelines; and

3.  That it is **RECOMMENDED** that the Commissioner reassign this matter to a different Administrative Law Judge on remand.

Dated January 13, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] Informally, I also recommend that plaintiff seriously consider hiring legal counsel experienced in the prosecution of social security claims to represent him before the agency on remand.